**Defiance v. Cannon**
*[Cite as 8 AOA 113]*

*Case No. 4-89-13*

*Defiance County, (3rd)*
*Decided December 31, 1990*

Frank G. Avellone and Kent E. Yalkut, Legal Intern, 300 Union at Ballard, Ada, Ohio 45810, for Appellant.

John T. Rohrs III, Law Director, City of Defiance, 324 Perry Street, Defiance, Ohio 43512, for Appellee.

BRYANT, J.

This is an appeal from a conviction entered by the Defiance Municipal Court pursuant to a jury verdict finding Appellant Donna Cannon guilty of theft, a misdemeanor of the first degree.

On November 25, 1989, Donna Cannon entered the Ames Department Store at Northtowne Mall in Defiance, Ohio. Ames' undercover store detective observed Cannon place four video cassette recorder tapes into her shopping cart and conceal the tapes beneath an advertising flyer. The detective followed Ms. Cannon throughout the store, eventually observing her secret two of the tapes in her purse and the other two in her coat. Ms. Cannon then picked up some candy and proceeded to the cash register line. She briefly waited in line with the candy, set the bag down, and exited the store with the four unpurchased tapes still concealed on her person.

Upon leaving the store premises, Ms. Cannon was stopped by the store detective who retrieved all four tapes and contacted the Defiance Police Department. Ms. Cannon was arrested for theft, specifically, for violating Defiance City Ordinance Section 642.02, a misdemeanor of the first degree.

Ms. Cannon retained counsel and her case proceeded to trial. On April 4, 1988, a jury found her guilty of theft and she was sentenced to thirty days in jail, twenty of which were suspended, and fined two hundred and fifty dollars plus costs. A motion for new trial and stay of execution of sentence were filed and subsequently denied. Appellant served her ten day jail sentence and was granted a stay as to fines and court costs pending the outcome of this appeal.

On appeal, now with assigned counsel, Appellant Donna Cannon asserts two assignments of error, the first of which is:

"APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

The right to counsel guaranteed by the Sixth Amendment is a fundamental right. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 29-33. This right is applicable to state criminal trial proceedings as the trial fulfills the state action requirement of the Fourteenth Amendment. *Lisenda v. California* (1941), 314 U.S. 219,236-7. See, also, *Gideon v. Wainwright* (1963), 37 U.S. 335, 23 O.O. 2d 258. This right applies regardless of whether counsel has been appointed or retained. The U.S. Supreme Court has stated that to make a distinction between the two types of representation would produce the anomaly of affording the nonindigent less protection, thereby resulting in a denial of justice. *Cuyler v. Sullivan* (1980), 446 U.S. 335, 344.

An allegation of ineffective assistance of counsel is reviewed under a "reasonable effective assistance" standard. *Beasley v. United States* (C.A. 6, 1974), 491 F. 2d 687, 696. The focus is on the fairness of trial given the accused. The Ohio Supreme Court, in *State v. Hester* (1976), 45 Ohio St. 2d 71,79, stated the general test for effective counsel to be:

"Whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done."

· See, also, *State v. Lytle* (1976), 48 Ohio St. 2d 391, 397. The Ohio Supreme Court has divided this general test into a two pronged analysis

which is essentially the same as that analysis enumerated by the United States Supreme Court in *Stickland v. Washington* (1984), 466 U.S. 668.

The first prong of the analysis requires the defendant to show counsel's performance to have been deficient. Counsel's conduct must be such that it falls below an objective standard of reasonableness. Such a showing must overcome the strong presumption of counsel's competency. *Vaughn v. Maxwell* (1965), 2 Ohio St. 2d 299, 301.

The second prong of the analysis requires a showing that counsel's performance prejudiced the defense. *State v. Martin* (1987), 37 Ohio App. 3d 213, 214. The defendant must show that "there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Bradley* (1989), 42 Ohio St. 3d 136, 142 cert. denied, 110 S. Ct. 3258, (quoting *Strickland v. Washington,* 466 U.S. at 694).

When applying the two prongs of this analysis, it is not always necessary to address whether counsel's conduct was deficient if such conduct insufficiently prejudiced the case. *State v. Bradley,* 42 Ohio St. 3d at 143. Restated, an initial determination of a lack of or insufficient amount of prejudice to the outcome of the case will end our analysis without addressing the first prong, that is, the asserted unreasonableness of counsel's conduct.

We now address each of the four areas of representation alleged to be deficient by Appellant. The first of these is Appellant's assertion that her counsel failed to properly investigate and uncover witnesses critical to Appellant's defense. It is a general rule that counsel has a burden to make a reasonable investigation for his case and, further, to make reasonable decisions regarding when not to investigate. "A particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy deference to counsel's judgment." *State v. Bradley* 42 Ohio St. 3d at 146 (quoting *Strickland,* 466 U.S. at 691). See, also, *Powell v. Alabama* (1932), 287 U.S. 45.

Appellant asserts counsel's failure to investigate and identify the service clerk at Ames Department Store substantially prejudiced the outcome of the trial because the clerk's testimony would have undermined the testimony of the prosecution's only witness. Upon review of the record, we find nothing to indicate that the service clerk would have been identified or, if so, what that individual's testimony would have been. The record before us does not disclose the failure of trial counsel to locate and interview this prospective witness. We may not, of course, speculate on such matters or on the wisdom of trial strategy of counsel. The test of prejudice must be conducted in light of the evidence in the record. The record here indicates that Appellant's trial counsel did present testimony of other witnesses regarding how Appellant claimed to have acquired the tapes and of her actions upon entering the store. We believe, from the evidence submitted, that trial counsel's failure to present the service clerk's testimony, if available indeed, did not sufficiently prejudice Appellant's case so as to have resulted in the guilty verdict. Therefore, this aspect of Appellant's assignment of error is without merit.

The second area of alleged deficiency is trial counsel's failure to move for an order suppressing Appellant's prior felony conviction resulting in undue prejudice to the defense. It is the duty of counsel to make his own sound and independent appraisal of the case. *State v. Vires* (1970), 25 Ohio App. 2d 162. Appellant argues that admission by counsel of Appellant's prior conviction was imprudent and that its probative value was substantially outweighed by its prejudicial value. Further, it is argued that counsel neglected his duty to Appellant by failing to file either a motion to suppress or a motion *in limine.* We disagree. Counsel's failure to file such motions can be attributed to sound trial strategy as well as to ethical considerations of filing potentially frivolous motions and the assessments of the merits and likelihood of the success of the proceedings contemplated. Defense counsel made a tactical choice when deciding to have Appellant testify on her own behalf. As such, it is probable that on cross-examination the prosecution would have exercised right to question Appellant relative to her prior felony conviction in order to cast doubt on her credibility. *State v. Lane* (December 22, 1976), Allen App. No. 1-76-12, unreported. Evid. R. 609.

· It is our belief that trial counsel acted prudently and followed sound trial technique when referring to and questioning Appellant about her prior felony conviction to disclose rather than to conceal such fact in the attempt

to lessen the impact of the prior conviction otherwise sure to result from first disclosure upon cross-examination by the prosecutor for impeachment purposes pursuant to Evid. R. 609(A). Evid. R. 609(A) states in pertinent part:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime *** (2) involved dishonesty or false statement, regardless of the punishment whether based upon state or federal statute or ordinance."

Appellant has not borne her burden of showing that counsel's failure to file such motions sufficiently prejudiced this case so as to undermine confidence in the outcome. Therefore, the second aspect of Appellant's first assignment of error is without merit and is overruled.

Appellant also asserts that counsel's failure to move the trial court for a judgment of acquittal at any stage of the trial or thereafter constituted ineffective assistance of counsel. The test of counsel's representation is whether the accused at the time of trial, under all the circumstances, had a fair trial resulting in substantial justice. Although the trial technique manuals cited by Appellant may suggest that the making of a motion to suppress is a common and prudent trial strategy, it is not incumbent on defense counsel to follow any fixed strategic procedure. Indeed, the essence of trial tactics suggests divergence from the ordinary as counsel perceives circumstances to require. As stated previously, when an allegation of ineffective assistance of counsel is presented to a reviewing court, the Appellant must show that counsel has substantially violated one of his duties. *State v. Nabozny* (1978), 54 Ohio St. 2d 195.

Appellant herein has not demonstrated trial counsel's failure to perform all duties ethical and professional which the law has placed upon him. Further, Appellant has not indicated in her brief nor can we find from a review of the record that the outcome of Appellant's case was sufficiently prejudiced by failure to make a motion for acquittal. Indeed, from the record it appears that such would have been fruitless. This third aspect of Appellant's first assignment of error is also without merit.

The fourth and final area of alleged deficiency is counsel's failure to inform the court of Appellant's right to allocution. Appellant's right to allocution will be addressed more fully in our

discussion of Appellant's second assignment of error. We observe, however, that only the trial court has a duty with respect to affording a defendant the right to allocution. Because counsel had no duty, his omission to advise can have been neither deficient nor prejudicial.

Therefore, Appellant's first assignment of error is not well taken and is overruled.

Appellant asserts as her second assignment of error:

"THE TRIAL COURT ERRED WHEN IT FAILED TO FOLLOW THE SENTENCING REQUIREMENTS OF BOTH THE OHIO RULES OF CRIMINAL PROCEDURE AND THE REVISED CODE OF OHIO BY NOT ADDRESSING THE APPELLANT AND ASKING HER WHETHER SHE WISHED TO MAKE A STATEMENT IN HER ON BEHALF OR PRESENT ANY INFORMATION IN MITIGATION OF PUNISHMENT."

The requirement of allocution is set forth both in Crim. R. 32 and R.C. 2947.05. Crim. R. 32(A) (1) states in pertinent part:

"Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant, and shall also address the defendant personally and ask him if he wishes to make a statement on his own behalf or present any information in mitigation of punishment."

R.C. 2947.05 states:

"Before sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he has anything to say as to why judgment should not be pronounced against him."

The language of these two provisions clearly mandates that a court give both defense counsel and the defendant an opportunity to speak prior to the imposition of sentence. *Silsby v. State* (1928), 119 Ohio St. 314. See, also, *State v. Davis* (1983), 13 Ohio App. 3d 265, 268; *State v. Fuerst* (Feb. 3, 1981), Putnam App. No. 12-80-10, unreported. The mandate of these provisions applies whether the offense is a felony or misdemeanor. *Columbus v. Herrell* (1969), 18 Ohio App. 2d 149, 154. See, also, *Columbus v. Shuffett* (1956), 80 Ohio Law Abs. 388. Where the court fails to inquire of both counsel and the defendant, the cause is to be remanded for the sole purpose of resentencing. *Silsby v. State,* 119 Ohio St. at 314.

The purpose of allocution is to allow the defendant an additional opportunity to state

any further information which the judge may take into consideration when determining the sentence to be imposed. In achieving this purpose, courts have often construed the following as complying both with the Criminal Rules and the Revised Code:

a lengthy explanation offered by defendant during the hearing as opposed to before sentencing, *Ohio v. Brandenburg* (March 2, 1988), Auglaize App. No. 2-86-25, 26, 27, unreported; statements such as "[d]oes the Defense or Defendant wish to address the Court prior to this matter?", *Ohio v. Davis*, 13 Ohio App. 3d at 268. Essentially, these examples indicate that the requirement of allocution will be fulfilled where the conduct of the court is such that the defendant and her counsel must know each has a right to make a statement prior to the imposition of sentence. *U.S. v. Byars* (1961), 290 F. 2d 515, 517.

Our review of the record shows the trial court, though affording Defense counsel an opportunity to speak before sentence was pronounced, failed to offer the same to the defendant. Although the court questioned the defendant prior to sentencing, this interrogation did not fulfill the requirement of allocution nor did the court's conduct suggest to the defendant that she had the opportunity and the right to speak further before sentencing. Appellant's second assignment of error is well taken.

For the reasons and authorities stated above, this case is remanded to the trial court for the sole purpose of offering to Appellant her right of allocution prior to resentencing. In all other respects the judgment of the Defiance Municipal Court is affirmed.

Judgment affirmed in part and reversed in part and remanded for sentencing.

SHAW, P.J., and EVANS, J., concur.