Defendant-appellant appeals from his convictions pursuant to a plea agreement whereby he pled guilty to two counts of aggravated vehicular assault (R.C. 2903.08). Defendant contends that at his sentencing hearing the trial court erred because his counsel was denied the right of allocution; the court took into consideration that he was intoxicated at the time of the offense, although the DUI specifications had been deleted; and the court failed to address his subsequent motion pursuant to Crim.R. 32(A)(1) seeking resentencing. We find no reversible error and affirm.
On July 7, 1998, defendant was indicted on two counts of aggravated vehicular assault with DUI specifications (R.C.2903.08) and one count of driving under the influence (R.C.4511.19). If convicted of the specification, defendant faced mandatory incarceration under R.C. 2903.08(C) and a permanent revocation of his driver's license under R.C. 2903.08(B).
On November 9, 1998, the State entered into a plea agreement with the defendant whereby both DUI specifications and the misdemeanor charge of driving under the influence were dismissed in exchange for defendant's change of plea to guilty to the charges of aggravated vehicular assault, felonies of the fourth degree. The trial court accepted the defendant's change of plea and referred defendant to the County Probation Department for a pre-sentence investigation report (PSI).
On December 14, 1998, defendant appeared before the trial court with his attorney for sentencing. Also present at sentencing were the victims who had been injured in the automobile collision, with their attorney. The court inquired of defense counsel whether he had read the pre-sentence report and if he had anything to say on behalf of his client, to which counsel responded "Yes, I do." However, at this point, defendant interjected and addressed the court, expressing deep regret for what happened to the victims. (Tr. at 3).
The court commented that it had received and reviewed two letters from victims Phyllis Russo and her son. The court then allowed Mrs. Russo to address the court. (Tr. at 4). In addition, the court indicated that it had reviewed a videotape of the accident and referred to the distress that the victim's son was going through "not knowing whether or not his mother and father were going to survive this." (Tr. at 5).
The defendant was sentenced to fourteen months of incarceration on each count to run consecutively. In its final statement to the defendant, the court indicated that "to sentence you otherwise would diminish the seriousness of this offense." (Tr. at 7).
On December 22, 1998, defendant filed a motion to have defendant resentenced pursuant to Crim.R. 32(A)(1). On February 22, 1999, the trial court denied defendant's motion and this appeal ensued.
We will address the assignments of error in the order asserted.
 I. THE TRIAL COURT ERRED BY DENYING DEFENDANT'S COUNSEL THE RIGHT OF ALLOCUTION.
Defendant contends that the trial court erred by denying defense counsel the opportunity to speak on behalf of the defendant at the time of sentencing. In support of this argument, defendant cites to a portion of the transcript in which the trial court specifically asked defense counsel if he had anything to say. Defense counsel responded: "Yes, I do," but defendant interjected with a statement of regret and defense counsel never responded further.
Under Crim.R. 32(A)(1), at the time of imposing sentence, the court must:
 Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
Crim.R. 32(A) required the trial court to afford both the defendant and defense counsel the right to be heard prior to imposing sentence. "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed." Defiance v. Cannon
(1990), 70 Ohio App.3d 821, 828. The requirement of allocution is satisfied where the conduct of the court is such that both the defendant and defense counsel know that each has a right to speak before imposition of the sentence. Id., citing United States v.Byars (C.A.6, 1961), 290 F.2d 515, 517; State v. Williams (May 15, 1997), Franklin App. No. 96APA08-1077, unreported.
The record reflects that both defendant and defense counsel were given an opportunity to speak before sentencing in accordance with Crim.R. 32(A). The trial court specifically asked defense counsel "On behalf of Mr. Gimenez, do you have anything to say?" Defense counsel answered "Yes, I do" and immediately thereafter, defendant interrupted expressing his deep regret for what happened to the victims. Defense counsel never indicated that he would add anything further nor did he object to the course of proceedings.
Ohio courts have held that this type of inquiry made by the trial court to both the defendant and defense counsel affords the defendant an opportunity to speak and substantially complies with Crim.R. 32(A). State v. Davis (1983), 13 Ohio App.3d 265,268-269; State v. Moore (Oct. 30, 1998), Greene App. No. 97 CA 137, unreported; State v. Nelson (Dec. 29, 1997), Clermont App. No. CA96-09-077, unreported; State v. Johnson (Mar. 4, 1993), Cuyahoga App. No. 61904, unreported.
Based on these facts, this inquiry by the trial court and the defendant's statement of remorse illustrated substantial compliance with Crim.R. 32(A). Defendant clearly was given the opportunity to speak and he, himself, prevented defense counsel from making a further statement to the court. We find that the trial court substantially complied with Crim.R. 32(A) as both defendant and defense counsel knew that they had the right to speak before imposition of the sentence. Accordingly, defendant was not denied his right of allocution.
Furthermore, defendant never objected at his sentencing hearing to the trial court's alleged failure to afford him the opportunity to speak before he was sentenced. The failure to advise a trial court of a possible error at a time when the error could have been avoided or corrected results in a waiver of the issue for purposes of appeal. State v. Goff (1998), 82 Ohio St.3d 123,134; State v. Awan (1986), 22 Ohio St.3d 120; State v.Williams (1977), 51 Ohio St.2d 112. "An alleged error `does not constitute plain error * * * unless, but for the error, the outcome of the trial clearly would have been otherwise.'" Goff,supra,
quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
We find that defendant's failure to object constitutes a waiver of this issue on appeal. In addition, defendant has failed to demonstrate that he would not have received the penalty which was imposed had defense counsel further addressed the court.
Defendant's Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED IN THE SENTENCING PROCESS BY CONSIDERING THAT THE DEFENDANT WAS INTOXICATED AT THE TIME OF THE ACCIDENT AT ISSUE, WHEN IN FACT THE D.U.I. SPECIFICATIONS IN DEFENDANT'S INDICTMENT HAD BEEN DELETED.
In his second assignment of error, defendant asserts that the trial court was precluded from considering any evidence of defendant's intoxication after the parties entered into a plea agreement whereby the DUI specifications were removed from defendant's indictment. This assertion is without merit.
The record reflects that pursuant to the plea agreement, defendant pled guilty to two counts of aggravated vehicular assault (R.C. 2903.08), a fourth degree felony. Under R.C.2929.14(A)(4), the possible prison term for a fourth degree felony is six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen or eighteen months.
At defendant's sentencing hearing on December 14, 1998, the trial court expressed to defendant:
 And this family was minding their own business when you were — when you drove rapidly across the center line, through a red light, under the influence of alcohol, sir.
(Tr. 5). Defendant asserts that this reference to alcohol was improper.
We find that the trial court correctly considered defendant's intoxication when it imposed his sentence. After the trial court accepted defendant's guilty plea, the court referred defendant to the County Probation Department for a PSI. The transcript reflects that, prior to defendant's sentencing, both the trial court and defense counsel reviewed the PSI to which the trial court made reference. The report reflected the investigating officers' opinions that defendant was under the influence of alcoholic beverages and unfit to operate a motor vehicle. This was confirmed by the officers' observations and defendant's failure to pass certain sobriety tests.
We find that, regardless of the removal of the DUI specifications from defendant's indictment, the trial court properly gave consideration to information contained in defendant's PSI prior to sentencing. This reflected that defendant was under the influence of alcohol at the time of the accident. The trial court did not err in considering defendant's intoxication when it imposed sentence.
Defendant's Assignment of Error II is overruled.
 III. THE TRIAL COURT ERRED IN FAILING TO ADDRESS A MOTION THAT WAS FILED ON DECEMBER 22, 1998, SEEKING TO HAVE THE DEFENDANT RESENTENCED PURSUANT TO CRIMINAL RULE 32(A)(1).
In his final assignment of error, defendant asserts that the trial court ignored his motion to have defendant resentenced pursuant to Crim.R. 32(A)(1) and failed to rule on it. He asserts that this motion should have been granted because defense counsel was not given the right to allocution and the trial court improperly considered defendant's intoxication in the sentencing process. These assertions are without merit.
First, defendant's assertion that the trial court failed to rule on his motion is unsupported by the docket. The docket clearly reflects that defendant's motion to be resentenced was denied by the trial court on February 22, 1999.
Furthermore, we find that the trial court correctly denied this motion. As discussed above in response to Assignment of Error I, we found that the trial court sufficiently afforded defense counsel the right to allocution. We also found in response to Assignment of Error II that defendant's intoxication was properly considered by the trial court when imposing his sentence. Accordingly, the trial court properly denied defendant's motion for resentencing.
Defendant's Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J., and PATTON, J., CONCUR.
 _____________________ JAMES M. PORTER ADMINISTRATIVE JUDGE