JOURNAL ENTRY AND OPINION
Defendant-appellant, Wayne Lowe, appeals the decision of the Cuyahoga County Common Pleas Court, which sentenced him to consecutive terms of eight years to life on each of five counts of rape and three years on one count of gross sexual imposition. For the reasons that follow, we affirm.
The record reveals that, in December 1998, the Cuyahoga County Grand Jury returned a twenty-seven count indictment charging appellant with multiple counts of rape, in violation of R.C. 2907.02, and gross sexual imposition, in violation of R.C. 2907.05. Each count carried a sexually violent predator specification, in violation of R.C. 2971.01(I). The six victims in this case are all related to appellant as either a grandchild or nephew and it appears from the record that all were, with one exception, under the age of thirteen at the time the offenses were committed. In a statement made to the Bedford police in October 1998, appellant admitted to the sexual activity, which took place between January 1997 and October 1998.
On May 10, 1999, appellant pleaded guilty to five counts of rape and one count of gross sexual imposition, as well as to the specifications contained within those counts. These offenses, with the specifications, are classified as first and third degree felonies, respectively. The remaining counts were nolled.
At the sentencing hearing conducted several weeks later, appellant addressed the court as did several of the victims' parents. Appellant's wife, however, was not permitted to speak although she requested to do so. The state recommended that appellant be sentenced to the minimum indefinite term of three years to life on each of the five counts of rape and two years on the gross sexual imposition charge for a total of seventeen years to life on all counts. Choosing not to impose the recommended sentence, the trial court sentenced appellant to consecutive terms of eight years to life on each of the counts of rape and three years on the gross sexual imposition charge for a total of forty-three years to life.
Appellant now appeals and assigns two errors for our review.
 I.
In his first assignment of error, appellant claims that the trial court erred in refusing to allow a defense witness to speak on his behalf at the sentencing hearing. In particular, appellant argues that his trial counsel specifically requested that his wife be given an opportunity to address the court. In refusing the request, the trial court stated:
 It's this Court's policy to follow the law and allow the victims and victims' representatives to speak before imposition of sentence.
 However, there is no such right for character witnesses, so to speak, or even co-defendants, co-conspirators, or anyone on behalf of the defendant in that matter or any other role, so this Court will not allow Mrs. Lowe to speak.
After addressing appellant and giving him an opportunity to address the court, the court continued:
 * * * The temptation, however, is great for this Court to allow Mrs. Lowe to speak, because, quite frankly, it's quite incomprehensible to this Court how a woman who knows for 20 years that her spouse visits and picks up men at bath houses (sic) doesn't take more care to watch that same man with her grandchildren, and the temptation would be great for this Court to hear that explanation, but it's not a part of this case, unfortunately, because the Court would have very strong feelings about that lack of protection or that lack of communication that would cause other parents to more vehemently protect their children or have cause to know that protection may, in deed [sic], be necessary. * * *
Crim.R. 32(A) governs the imposition of sentence and provides, in relevant part:
 * * * At the time of imposing sentence, the court shall do all of the following:
 (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. (Emphasis added.)
The language of the statute is mandatory and is not subject to waiver. State v. Campbell (2000), 90 Ohio St.3d 320, 323-324; see, also, State v. McBride (Jan. 26, 2001), Montgomery App. No. 18016, unreported at 8-11, 2001 Ohio App. Lexis 220. Consequently, a trial court is required to personally address the defendant and not only ask whether the defendant wishes to make a statement on his or her own behalf but also whether that defendant wishes to present any information in mitigation of punishment. The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed. Defiance v. Cannon (1990), 70 Ohio App.3d 821, 828; see, also, State v. Green (2000), 90 Ohio St.3d 352, 359-360; State v. Hlavsa (Oct. 19, 2000), Cuyahoga App. No. 77199, unreported, 2000 Ohio App. Lexis 4885; State v. Gimenez (Sept. 16, 1999), Cuyahoga App. No. 75854, unreported, 1999 Ohio App. Lexis 4293. While defendant's counsel is also given an opportunity to speak on behalf of the defendant, it is the defendant, nonetheless, who is given the option to either make a statement or present information.
Appellant urges this court to find that the option of presenting information includes the possibility that the defendant would want to present witnesses to provide information in mitigation rather than he himself presenting such information. Appellant provides this court with no case law in support of this argument nor were we able to independently locate any. We are, nonetheless, unpersuaded that Crim.R. 32(A) permits such an interpretation.
Written in the disjunctive, the option is given to the defendant to either make a statement or present information in mitigation. While the rule gives defendant's counsel the opportunity to speak on behalf of the defendant, the plain wording of the rule does not encompass anyone other than the defendant presenting information in mitigation. Consequently, the trial court did not err in refusing to allow appellant's wife an opportunity to address the court in mitigation.
We are, nonetheless, concerned by the court's comments in refusing appellant's wife the opportunity to speak. While we do not find the court's decision to be error, a simple refusal would have sufficed. The court, however, chose to express its disgust at what it considered was appellant's wife's acquiescence in appellant's alleged conduct in visiting bathhouses. Even if appellant had engaged in such activities and even if his wife had been aware of and had acquiesced in such conduct, her supposed acquiescence is immaterial to the imposition of sentence. While this court in no way condones appellant's conduct in this case, these statements by the trial court were unnecessary, especially in light of the fact that the court had already denied the wife the opportunity to speak.
Appellant's first assignment of error is not well taken and is overruled.
 II.
In his second assignment of error, appellant contends that the trial court erred when it departed from imposing the state's recommended sentence. Succinctly, appellant claims that the trial court departed from the recommended sentence based upon the seriousness of the offense while ignoring significant mitigating factors. These factors, appellant claims, include his (1) expression of remorse; (2) confession; (3) voluntarily undergoing treatment; (4) stable work history; and (5) lack of criminal history.
Appellant relies on State v. Edmonson (1999), 86 Ohio St.3d 324 for the proposition that he is entitled to the minimum sentence as a first-time offender, which in this case is the state's recommended sentence of seventeen years to life as opposed to the forty-three years to life sentence imposed by the trial court. Appellant argues that the sentence imposed is, in essence, a life sentence without parole because of his age. Viewed in that perspective, he argues, a sentence of life without parole is inappropriate given the mitigating factors present in this case.
R.C. 2929.14(B) provides, in relevant part:
 Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of the section, unless the court finds on the record that the shortest prison term authorized for the offense will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
The exception contained in division (G), provides, in relevant part:
 If a person * * * pleads guilty to a sexually violent offense and also * * * pleads guilty to a sexually violent predator specification that was included in the * * * count in the indictment, * * * the court shall impose sentence upon the offender in accordance with section 2971.03 of the Revised Code, and Chapter 2971. of the Revised Code applies regarding the prison term or term of life imprisonment without parole imposed upon the offender and the service of that term of imprisonment.
R.C. 2971.03, provides, in relevant part:
 (A) Notwithstanding divisions (A), (B), (C), and (F) of section 2929.14, section 2929.02, 2929.03, 2929.06, 2929.13, or another section of the Revised Code, other than divisions (D) and (E) of section 2929.14 of the Revised Code, that authorizes or requires a specified prison term or a mandatory prison term for a person who is convicted of or pleads guilty to a felony * * *, the court shall impose a sentence upon a person who * * * pleads guilty to a sexually violent predator specification that was included in the * * * count in the indictment * * * as follows:
* * *
 (3) * * * [I]f the offense is an offense other than aggravated murder, murder, or an offense for which a term of life imprisonment may be imposed, it shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment.
Thus, the trial court was required to impose an indefinite term of imprisonment within the range of terms available, which in this case is three, four, five, six, seven, eight, nine, or ten years. See R.C.2929.14(A)(1). In imposing an eight-year minimum sentence on each count, the trial court acted well within its authority and was under no obligation to impose the minimum indefinite term or to accept the recommendation of the state.
Appellant urges this court to analyze his sentence by applying the seriousness and recidivism factors contained in R.C. 2929.12(B). Under the version of R.C. 2929.12 in effect at the time of appellant's sentencing, the statutory mandate to assess these factors arises unless a mandatory prison term is required by division (F) of section 2929.13 or section 2929.14. See State v. Arnett (2000), 88 Ohio St.3d 208, 214; see, also, State v. Licardi (Feb. 4, 1999), Cuyahoga App. No. 72171, unreported at 7-8, 1999 Ohio App. Lexis 283. Rape, however, carries a mandatory prison term as does the offense of gross sexual imposition if the victim is under the age of thirteen. See R.C. 2929.13(F)(2) and (3). The trial court was, therefore, not required to consider these factors in mitigation and, furthermore, did not err in sentencing appellant to the term of imprisonment that it did.
Appellant's second assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ TIMOTHY E. McMONAGLE, P.J.:
COLLEEN CONWAY COONEY, J., CONCURS; and JAMES J. SWEENEY, J., CONCURS IN JUDGMENT ONLY.