OPINION
The defendant/appellant, Daniel Herrera ("the appellant"), appeals a judgment by the Allen County Court of Common Pleas, sentencing him to a term of five years imprisonment for a violation of R.C.2907.02(A)(1)(b). Based on the following, we affirm the trial court.
The pertinent facts and procedural history are as follows. On March 6, 2000, the appellant pled guilty to a bill of information that charged him with one count of rape, a first degree felony in violation of R.C.2907.02(A)(1)(b). A presentence investigation was ordered. Subsequently, on March 30, 2000, the appellant was sentenced to a term of five years, as per the State's recommendation. No direct appeal was taken from this conviction.
The appellant filed a motion to vacate his plea of guilty on August 21, 2001, apparently after he retained new counsel in his case. The trial court overruled the motion without granting a hearing on the matter.
It is from that decision that the appellant brings the instant appeal, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court committed prejudicial error when it failed to conduct a hearing on appellant's motion to withdraw the guilty plea.
The appellant asserts that the trial court erred to his prejudice when it overruled his motion to withdraw his guilty plea, which was made after his sentence was imposed, without first conducting a hearing. For the following reasons, we disagree.
Crim.R. 32.1, which governs withdrawal of a guilty plea, states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
"Manifest injustice" is an extremely high standard, which permits the court to allow plea withdrawal only in "extraordinary cases."[1] The defendant must carry the burden of establishing that a manifest injustice has occurred.[2]
The Ohio Supreme Court established that where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.[3]
Based on the Reynolds case, we have previously held that when a motion to withdraw a guilty plea is filed outside the time for a direct appeal and alleges a constitutional violation as the basis for the request to vacate a conviction and sentence, the motion must be treated as one for post-conviction relief under R.C. 2953.21, regardless of how the motion is captioned.[4]
Although in the instant case, the appellant styled his motion as one to withdraw a guilty plea pursuant to Crim.R. 32.1, the crux of his claim was (1) that his plea was not entered knowingly or intelligently because of inaccurate information provided by his attorney and (2) ineffective assistance of counsel. Because the Due Process Clause of the United States Constitution mandates that a plea of guilty be entered knowingly and intelligently,[5] it logically follows then that an assertion that a guilty plea was not entered knowingly or intelligently is constitutional in nature.[6] Likewise, the Sixth Amendment to the United States Constitution, as applied to the states through theFourteenth Amendment, guarantees criminal defendants the right to the effective assistance of counsel.[7] Thus, the appellant's assertion of ineffective assistance of counsel is a constitutional claim as well. In accordance with the previous discussion, we must construe Appellant's motion as a petition for post-conviction relief.
R.C. 2953.21(A)(2) provides, in relevant part, that if a direct appeal is not taken, as in this case, a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." The trial court sentenced Appellant on March 30, 2000. Appellant did not file his petition until August 21, 2001, well after the time limit had expired.
R.C. 2953.23(A) mandates that a court may not entertain an untimely petition unless the petitioner can show, among other things, that he was "unavoidably prevented" from discovering the facts upon which the claim for post-conviction relief is based or that the United States Supreme Court recognized a new state or federal right intended to be applied retroactively to individuals like the petitioner. Appellant's petition mentions neither of these exceptions.
Consequently, we must conclude that Appellant failed to file a timely petition for post-conviction relief. As such, the trial court lacked jurisdiction to consider the issues contained therein.[8] Although the trial court did not articulate the foregoing as a basis for its decision, we affirm the denial of the appellant's untimely petition.[9]
We note that this Court, sua sponte, certified State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported, the case upon which we now rely, to the Supreme Court of Ohio. Bush was certified as being in conflict with (1) State v. Cale (Mar. 23, 2001), Lake App. No. 2000-L-034, unreported and (2) State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported, on the issue of whether a motion made pursuant to Crim.R. 32.1 is subject to the time constraints contained in R.C. 2953.21 and R.C. 2953.23 and must be treated as a petition for post-conviction relief in the event that the time for direct appeal has passed and the motion is based upon alleged constitutional violations. That matter is currently pending before the Supreme Court of Ohio.
Assuming arguendo that the appellant's motion and appeal were timely filed, we still uphold the decision of the trial court to deny him relief without a hearing. To begin with, we note the well-settled rule that decisions regarding the granting or denial of a plea withdrawal motion rest within the sound discretion of the trial court and that the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.[10] In that vein, it is again relevant that the appellant's motion was filed over a year after his sentence was imposed. Although the appellant attempts to account for this delay by explaining that his motion was filed upon his retaining new counsel, a long delay is "a factor adversely affecting the credibility of the movant and militating against the granting of the motion."[11]
We have previously held that a trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea.[12] An evidentiary hearing is not required if the facts alleged by the defendant and accepted as true by the court would not require that the guilty plea be withdrawn.[13] Furthermore, an evidentiary hearing is not required where the defendant's allegations are insufficient to merit a hearing in light of the record already before the trial court.[14]
The appellant claims that his plea was entered involuntarily because his trial attorney promised him that the court would impose only a four year sentence and that he would be released after having served only six months of that term. According to the appellant, his guilty plea was based on these representations by his counsel. However, the portion of the plea hearing transcript that is attached to the appellant's original motion to vacate his plea shows that, even if his trial counsel did make these statements, they do not amount to a manifest injustice, as required by Crim R. 32.1.
The hearing transcript reveals that the trial judge exhaustively explained to the appellant the potential penalties for his crime, explaining that the state had recommended a five year sentence but that the court was in no way bound by this recommendation. Furthermore, the judge explained that prison time was presumed in his case but nevertheless explained community control, as well as mandatory post-release control. This dialog goes on for approximately twelve pages, with the judge repeatedly asking the defendant whether he understands the possible sentences, the State's recommendation, and the fact that the court is not bound by any such recommendation. Also, the appellant signed a "Negotiated Plea of Guilty," which specifically states that the agreement arrived at between the parties was that the State would recommend a five year prison term.
In State v. Longo,[15] the Cuyahoga County Court of Appeals stated that when: "`a guilty plea was entered as a result of a "grave misunderstanding" solely on the part of defense counsel and not participated in by either the prosecution or the judge, the interests of justice required that the defendants be relieved of their pleas and the judgments of conviction vacated.'"[16] Thus, if the facts presented by the appellant showed that his plea was entered as a result of defense counsel's misrepresentations regarding his sentencing, it stands to reason that the trial court should have granted a hearing regarding the appellant's motion to vacate. However, the record from the appellant's plea hearing demonstrates that the appellant's allegations were insufficient to warrant a hearing. Specifically, it shows that the appellant was repeatedly advised that the agreed-upon recommendation was five years and that the court was under no duty to impose that agreement. Thus, we conclude that the appellant's allegations that his plea was involuntary are conclusively and irrefutably contradicted by the record so that a hearing was not warranted.
The appellant also asserts that ineffective assistance of trial counsel required the trial court to grant a hearing on his motion to withdraw his plea. He alleges that his attorney told him he had "no choice" but to plead guilty and that possible defenses were not discussed, no motion to suppress was filed, and counsel met with him "minimally" during the pendancy of his case, and that his attorney misrepresented the sentence that would be imposed upon him.
In order to prevail on a postsentence motion to vacate that alleges ineffective assistance of counsel, a defendant is required to show that (1) his counsel's performance was, in fact, deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and instead, would have insisted on going to trial.[17]
The appellant's claims regarding his counsel's failure to discuss defenses with him, the decision not to file a motion to suppress, and the number of times that counsel and appellant met all fall within the purview of debatable trial tactics. Counsel for an accused is not required to follow any fixed strategic legal procedure.[18] Thus, we cannot say that any of these three allegations, taken as true, show that the trial attorney was deficient.
With regards to the appellant's argument based on his attorney's alleged misrepresentation of the sentencing agreement and statement that the appellant had "no choice" but to enter a guilty plea, we conclude that, even if these representations amount to deficiencies on counsel's part, the appellant cannot show a reasonable probability that, but for these errors, he would not have pled guilty. Again, the extensive explanations and admonishments of the trial court at the plea hearing completely contradict his assertion that his guilty plea was based on a misunderstanding of the potential sentences. The trial court made it clear to the appellant that he did not have to plead guilty to the charges and explained to him all the rights that he would relinquish by not going to trial.
With all of the averments in appellant's postsentence motion for withdrawal of his guilty plea taken as true, appellant would not have prevailed with his motion to withdraw based upon the ineffective assistance of counsel claim or upon the claim that his plea was made involuntarily. Therefore, the trial court did not abuse its discretion in denying appellant's motion without a hearing.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS, P.J., concurs. BRYANT, J., concurs in judgment only.
[1] State v. Smith (1977), 49 Ohio St.2d 261, 264.
[2] Id. at paragraph one of the syllabus.
[3] State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
[4] State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported; State v. Northern (June 14, 2001), Allen App. No. 1-01-01, unreported.
[5] See Parke v. Raley (1992), 506 U.S. 20, 28-30.
[6] Cf. State v. Perry (Sept. 27, 2000), Lorain App. No. 00CA007535, unreported.
[7] State v. Johnson (1986), 24 Ohio St.3d 87, 99.
[8] Bush, supra.
[9] Id.; Accord State v. Hill (1998), 129 Ohio App.3d 658, 661.
[10] Smith, 49 Ohio St.2d at paragraph two of the syllabus; State v.Caraballo (1985), 17 Ohio St.3d 66, 67.
[11] Smith, 49 Ohio St.2d at paragraph three of the syllabus.
[12] State v. Hudson (May 29, 1998), Wyandot App. Nos. 17-97-24 and 17-97-28, unreported, citing State v. Gaskins (June 27, 1995), Seneca App. No. 13-94-45, unreported.
[13] Id.; see, also, State v. Legree (1988), 61 Ohio App.3d 568,574; State v. Blatnik (1984), 17 Ohio App.3d 201, 204.
[14] State v. Sims (May 24, 1995), Summit App. No. 16841, unreported;State v. Grasley (Sept. 4, 1992), Crawford App. Nos. 3-92-8, unreported.
[15] (1982), 4 Ohio App.3d 136.
[16] Id. at 140, quoting from United States, ex rel. Elksnis, v.Gilligan (S.D.N.Y. 1966), 256 F. Supp. 244, 249.
[17] Hill v. Lockhart (1985), 474 U.S. 52, 57-59; State v. Xie
(1992), 62 Ohio St.3d 521, 524.
[18] Defiance v. Cannon (1990), 70 Ohio App.3d 821, 825-826.