JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a third sentencing order imposed by Judge Timothy J. McGinty. Stephen Sanders claims his sentence for kidnapping and aggravated robbery must once again be vacated and remanded because, inter alia, he was not granted his right of allocution. The State argues that the sentencing took place in hearings held over four separate dates and that Sanders' right of allocution, as well as all other sentencing rights, were granted at some point during these four hearings. We vacate the sentence and remand for yet a fourth attempt at sentencing.
 {¶ 2} On October 1, 1998, after a jury found then twenty-one year old Sanders guilty of two counts of kidnapping[1] and one count of aggravated robbery,[2] the judge sentenced him to, inter alia, five years in prison on each count, to be served consecutively. On appeal, the sentence was vacated and remanded because the judge failed to make proper findings before imposing consecutive sentences[3] and because he violated Sanders' right against self-incrimination by placing him under oath and questioning him about the offenses.[4] The judge resentenced Sanders to concurrent four year terms for the kidnapping offenses, to be served consecutive to a four year sentence for the aggravated robbery offense. However, the sentence was again vacated and remanded because the judge again failed to follow statutory requirements for imposing consecutive sentences, and also because the judge failed to consider imposing the minimum sentence under R.C. 2929.14(B).[5] On June 4, 2002, the judge again sentenced him to concurrent four year sentences on the kidnapping offenses consecutive to a four year sentence for the aggravated robbery conviction. The judge also ordered Sanders to pay costs, but imposed no other sentence.
 {¶ 3} Sanders' first assignment of error claims that he was not granted his right of allocution as guaranteed by Crim. R. 32(A) and R.C. 2929.19(A)(1), while the State argues that the right was granted when he was allowed to speak at a hearing held on September 25, 2001. Although the judge imposed sentence at a hearing held on May 23, 2002, the State argues that the sentencing hearing took place over four dates, including the September 25, 2001 hearing.
 {¶ 4} On August 21, 2001, when Sanders was first brought before the judge for the current (third) sentencing, the judge immediately noted on the record that the case file had not yet been returned to him by this court. He permitted Sanders' lawyer to speak and then stated that he would obtain the case file for review and order a "post sentence report" to learn any relevant information that had arisen since the last (second) sentencing hearing. The judge then ordered a report from the Cuyahoga County Probation Department and rescheduled the sentencing hearing for September 25, 2001. On that date the judge allowed Sanders to speak, but then postponed sentencing again because he wanted to see Sanders' institutional record, which had not been included in the reports prepared for the hearing.
 {¶ 5} A journal entry dated October 24, 2001, ordered the Ohio Department of Rehabilitation and Corrections ("DRC")to forward Sanders' file, and rescheduled the sentencing hearing to October 25, 2001. The transcript, however, shows that Sanders' next hearing occurred on November 28, 2001, during which his lawyer argued that the DRC institutional records were incomplete, and the judge again postponed sentencing pending further evidence. On December 10, 2001, the judge ordered the DRC to provide more records and, after receiving no response, again ordered the DRC to provide the records on February 8, 2002. On March 18, 2002, and again on May 1, 2002, the judge requested further updates from the county probation department, and the sentencing hearing finally took place on May 23, 2002.
 {¶ 6} At that hearing the judge stated his findings about Sanders' institutional record, which included a number of disciplinary reports. The judge then stated:
 {¶ 7} "Okay. Now, I tell you that up front here prior to beginning the resentencing, so if you have anything you want to correct the Court on, go ahead."
 {¶ 8} He then invited Sanders' lawyer to speak, but did not provide Sanders an opportunity to speak on his own behalf. During his colloquy with the lawyer, the judge also stated:
 {¶ 9} "* * * [T]his is a ridiculous proposition of law what you suggest here. When * * * there is codefendants, and the State makes a deal with somebody to testify, and the other fellow gambles, goes to trial, puts on a fraud of a defense —"
 {¶ 10} There was a brief colloquy with Sanders' lawyer, who protested that he had only required the State to prove its case. The judge then stated:
 {¶ 11} "* * * [S]top interrupting me, all right? You put up a defense that wasn't bought. The jury looked at it as fraud. They did not buy it at all."
 {¶ 12} Although the State argues that the sentencing took place over four separate dates, the judge's statement that he was "beginning the resentencing" during the May 23, 2002 hearing shows that he did not consider Sanders' three prior appearances to be part of the R.C. 2929.19
sentencing hearing. Furthermore, the fact that Sanders spoke during the September 25, 2001 hearing cannot be considered a grant or exercise of his right of allocution when he was sentenced at a hearing held eight months later. Regardless of whether evidence relevant to sentencing is taken at prior hearings, R.C. 2929.19 contemplates a single hearing, on a single occasion, at which the collected evidence is argued and considered and at which all the defendant's sentencing rights are respected. Even if a sentencing hearing can sometimes be supplemented or extend over two dates, one cannot justify an eight-month delay between permitting the defendant to exercise his right of allocution and the imposition of sentence.[6]
 {¶ 13} Moreover, even if one could imagine circumstances justifying a single R.C. 2929.19 sentencing hearing held on three dates over the course of eight months,[7] and even if one could imagine circumstances in which the right of allocution preceded the imposition of sentence by the same eight months, the circumstances here show that Sanders was not allowed to address evidence that was introduced after the September 25, 2001 hearing and which the judge considered prior to imposing sentence on May 23, 2002. "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed."[8] Furthermore, a judge must "painstakingly" guarantee the right of allocution at sentencing because it is "much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse."[9] Therefore, the failure to grant allocution should be presumed prejudicial unless shown harmless and, regardless of the standard applied here, the error cannot be found harmless because Sanders was denied the opportunity to address evidence introduced and considered after the September 25, 2001 hearing.
 {¶ 14} At the risk of giving the dissent's contentions more credit than they deserve, it first bears note that the "implicit concession" claimed by the dissent does not exist. The initial holding of this opinion is that R.C. 2929.19 and Crim. R. 32(A) require, at the very least, that the defendant be allowed to speak at a hearing held on the same day sentence is imposed. The subsequent discussion of prejudice is an alternative holding, as signaled by the phrase "even if."
 {¶ 15} The dissent fails to understand the difference between hearing evidence relevant to sentencing and "imposing sentence" under Crim. R. 32(A)(1). The rule expressly requires that the defendant be allowed to speak "[a]t the time of imposing sentence," and there should be no claim that the judge was "imposing sentence" on September 25, 2001. The dissent's attempt to fashion a contrary rule falls flat, as its author quotes Crim. R. 32(A)(1) in one sentence and immediately misquotes the same rule in the next. The dissent's quote from United States v.Foss[10] supports our conclusion for the same reason, because the word "pronounces" is in this context equivalent to the word "imposes." Moreover, Foss concerned a motion to correct or reduce sentence pursuant to Fed.R.Crim.P. 35,[11] and thus would have no application to this case even if it did state a conflicting opinion.
 {¶ 16} The dissent's accusation of "circular logic" also fails, because its author has misidentified the relevant premise. The conclusion that Sanders was prejudiced is not based on the premise that he was not allowed to speak, but on the premise that he was not allowed to speak atthe appropriate time because evidence was introduced and consideredafter he was purportedly granted his right of allocution. Furthermore, the conclusion that Sanders was prejudiced is yet a third alternative holding, applying only if one rejects the conclusion that the State is required to show a lack of prejudice. Neither State v. Campbell[12] nor the Ohio Supreme Court's subsequent opinion in State v. Green, supra, supports the dissent's assertion of a substantial compliance rule or any other rule placing the burden of showing prejudice on the defendant.Campbell in fact states that a rule of strict compliance is appropriate because "use of the term `shall' in a statute or rule connotes the imposition of a mandatory obligation unless other language is included that evidences a clear and unequivocal intent to the contrary."[13]
Green reinforces the application of this rule by reaffirming the importance of allocution at sentencing, thereby preventing any inference of a contrary intent.[14] Sanders' first assignment of error is sustained.
 {¶ 17} Although the remaining assignments of error need not be addressed pursuant to App. R. 12(A)(1)(c), the judge's comments concerning Sanders' "fraud of a defense" also suggest a lack of objectivity that should be addressed in further proceedings. Not only must a judge maintain objectivity in sentencing proceedings remanded after a defendant's successful appeal,[15] he should never give the impression that a defendant's sentence is related to his decision to go to trial.[16] On this third remand, the sentencing judge should take exceptional care to comply with all sentencing requirements.
Sentence vacated, remanded for resentence.
FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY
MICHAEL J. CORRIGAN, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION
[1] R.C. 2905.01.
[2] R.C. 2911.01.
[3] R.C. 2929.14(E)(4).
[4] State v. Sanders (Apr. 13, 2000), Cuyahoga App. No. 75398.
[5] State v. Sanders (June 28, 2001), Cuyahoga App. No. 78452.
[6] Cf. State v. Bell (Mar. 24, 2000), Ottawa App. Nos. OT-99-062, OT-99-063 (finding "no plain error where a trial court conducts a timely continued hearing to correct an error that did not substantively affect appellant's rights * * *.").
[7] Although the State also argues that the August 21, 2001 hearing was part of the sentencing, its inclusion is unnecessary here.
[8] Defiance v. Cannon (1990), 70 Ohio App.3d 821, 828, 592 N.E.2d 884; see, also, State v. Hlavsa (Oct. 19, 2000), Cuyahoga App. No. 77199.
[9] State v. Green, 90 Ohio St.3d 352, 359-360, 2000-Ohio-182,738 N.E.2d 1208.
[10] (C.A.1, 1974), 501 F.2d 522, 530 n. 3.
[11] Id.
[12] 90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178.
[13] Id. at 324-325, quoting State v. Golphin, 81 Ohio St.3d 543,545-546, 1998-Ohio-336, 692 N.E.2d 608.
[14] Green, 90 Ohio St.3d at 359-360.
[15] North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072,23 L.Ed.2d 656.
[16] State v. Scalf (1998), 126 Ohio App.3d 614, 621,710 N.E.2d 1206.