{¶ 19} Although I agree with the majority's finding that the sentence imposed was not vindictive or retaliatory, I respectfully dissent from the majority's finding that Evans' right to allocution was violated.
 {¶ 20} Evans was afforded an opportunity to speak, and speak he did. His statement at the sentencing announcing that "I didn't do it" was in direct contrast to his sworn testimony at trial, where he testified that he had consensual sexual contact with the victim. Our earlier opinion referenced Evans' original story: "Evans testified that the sexual contact between him and the victim was consensual and was initiated by her." State v. Evans, Cuyahoga App. No. 85396, 2005-Ohio-3847. During sentencing, the court asked Evans what he would like to say. Evans first responded by saying "I'm sorry." He then said "What would I like to say? What I said all along, sir. I didn't do it." The court countered his response by pointing out that at trial he claimed consensual sex. At sentencing, Evans continued to claim he didn't do it. The court and Evans argued back and forth for seven pages of the transcript.
 {¶ 21} In a similar case, the defendant was given an opportunity to speak and he pulled out a three-page statement and began to read it into the record. The *Page 10 
defendant claimed that he was innocent and that he did not receive a fair trial. The trial court cut him off and asked him if he had anything he would like to say in mitigation of sentence. The defendant appealed, claiming that his right of allocution had been violated. The Second District Court of Appeals disagreed, stating:
 "The right of allocution, however, is not uncircumscribed. The rule prescribes a statement or presentation of information `in mitigation of punishment.' Crim.R. 32(A)(1). `The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed.' Defiance v. Cannon (1990), 70 Ohio App. 3d 821, 828, 592 N.E.2d 884. Extraneous matters, unrelated to the sentence about to be imposed, are not in mitigation of punishment, and a court is not required to indulge them. See State v. Budreaux (Sept. 16, 1993), Cuyahoga App. No. 63698, unreported. Therefore, a trial court does not err when it limits a defendant's pre-sentence statement to those issues that bear upon the impending punishment and that may carry mitigative weight." State v. Smith (Nov. 8, 1995), Greene App. No. 94-CA-86.
The appellate court went on to say that "[t]he court properly limited [the defendant's] statement; the right of allocution does not provide an accused with the opportunity to vent his spleen with some superfluous diatribe." Id.
 {¶ 22} In this case, Evans had an opportunity to speak and exercised his right to speak. His denial of events in the form of "I didn't do it" stood in stark contrast to his trial testimony where under oath he claimed the sexual contact was consensual. Even if Evans' assertion at sentencing was based on his earlier claim that he didn't force the victim into the sexual encounter, he was afforded the opportunity to speak. *Page 11 
Further, "I didn't do it" is a statement that makes the need for a statement regarding mitigation of guilt pointless.
 {¶ 23} Finally, during the course of his dialogue with the trial judge at sentencing, Evans stated: "Because I did not do it. And my past shouldn't be a part of you judging me now for something I did not do. So you do what you got to do."
 {¶ 24} Evans told the judge exactly how he felt and, in effect, told the judge to proceed. I see no violation of the right to allocution; therefore, I would affirm the sentence in full. *Page 1