DECISION AND JUDGMENT ENTRY
{¶ 1} Garry W. Castle appeals the Lawrence County Court of Common Pleas' sentencing entry. Castle contends that the trial court erred before sentencing when it failed to ask him if he had anything to say as to his sentence. We agree because we interpret the allocution requirement in Crim.R. 32(A)(1) and R.C.2929.19(A)(1) as mandatory. Castle further contends that (1) the trial court's "stated reasons for imposing a prison term were not supported by evidence within the record[;]" (2) the court erred when it found that he did not show remorse; and (3) the court erred when it found that he committed the worst form of the offense and posed the greatest likelihood of committing future offenses. Based on our finding that the trial court violated R.C.2929.19(A)(1) and Crim.R. 32(A)(1), we find these arguments moot because we are ordering a new sentencing hearing. Accordingly, we vacate the sentencing entry and remand this cause to the trial court for further proceedings consistent with this opinion.
 I {¶ 2} The Lawrence County Grand Jury indicted Castle for aggravated arson, a first degree felony. A jury could not reach a verdict, and thus, the court declared a mistrial. The Grand Jury indicted him again. This time for arson, in violation of R.C. 2902.03(A)(1), a fourth degree felony and other offenses.
 {¶ 3} Pursuant to a negotiated plea, Castle entered a guilty plea to the arson charge, the state dismissed the other offenses and the parties allowed the court to decide the sentence without an agreed recommendation. Before the court rendered a sentence, it did not ask Castle if he had anything to say as to why sentence should not be imposed upon him. The court gave Castle the maximum sentence, which was 18 months in prison and a $5,000 fine.
 {¶ 4} Castle appeals but does not assign any errors as required by the appellate rules. However, in the interests of justice, we will consider his four arguments as his assignments of error. Castle's arguments are as follows: "[I]. The trial court's stated reasons for imposing a prison term were not supported by evidence within the record. [II]. The trial court sentenced appellant without asking appellant if he had anything to say as to why sentence should not be imposed. [III]. In considering the likelihood of recidivism the trial court erred in finding that defendant showed no general remorse for his acts, contrary to the record established in the case. [IV]. The trial [court] made an error when it found that appellant committed the worst form of the offense charged herein and posed the greatest likelihood of committing future offenses."
 II {¶ 5} We will consider Castle's second argument first because it is dispositive of this appeal. Castle argues that the trial court did not ask him if he had anything to say as to why sentence should not be imposed upon him. Castle contends that this requirement is mandatory and that he cannot waive it by failing to object. We agree.
 {¶ 6} R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The record on appeal must include any pre-sentence or psychiatric reports, the trial record, and all oral or written statements made at the sentencing hearing. R.C. 2953.08(F). We may modify the trial court's sentence upon clearly and convincingly finding that: (1) the record does not support the sentence; (2) the trial court imposed a prison term contrary to the procedures of R.C. 2929.13(B) because either the court failed to make the preliminary findings before imposing a prison sentence for a fourth or fifth degree felony, or, there was an insufficient basis for imposing a prison term; or (3) the sentence imposed was contrary to law. See R.C.2953.08(G)(1)(a)-(d); State v. Dunwoody (Aug. 5, 1998), Meigs App. No 97CA11.
 {¶ 7} In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion to the extent we did in the past. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record supporting those findings; and, (4) properly applied the statutory guidelines. Dunwoody, supra; see, also, State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165; Griffin Katz, Ohio Felony Sentencing Law (1998) 495, Section 9.16.
 {¶ 8} Crim.R. 32(A)(1) in part reads, "At the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." R.C. 2929.19(A)(1) in part reads, "The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender."
 {¶ 9} Crim.R. 32(A)(1) confers an absolute right of allocution, State v. Green, 90 Ohio St.3d 352, 358,2000-Ohio-182, which means that it cannot be waived. State v.Campbell, 90 Ohio St.3d 320, 324-325, 2000-Ohio-183. See, also,State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436. The failure to grant allocution is not harmless error when a defendant is denied the opportunity to address evidence introduced and considered by the trial court at sentencing.State v. Sanders, Cuyahoga App. No. 81450, 2003-Ohio-1163.
 {¶ 10} Here, the trial court did not give Castle an opportunity to speak after evidence was introduced and considered by the trial court. Hence, the trial court did not comply with Crim.R. 32(A)(1) and R.C. 2929.19(A)(1). Consequently, we clearly and convincingly find that Castle's sentence is contrary to law.
 {¶ 11} Accordingly, we sustain Castle's second argument.
 III {¶ 12} Given our disposition of the second argument, we do not address Castle's first, third and fourth arguments because they are moot. App.R. 12(A)(1)(c).
 IV {¶ 13} In conclusion, we sustain Castle's second argument because the trial court denied him his right of allocution. We do not address his remaining arguments because they are moot. We order the trial court to conduct a new sentencing hearing. Accordingly, we vacate the sentence and remand this cause for resentencing.
Judgment Vacated and Remanded for Resentencing.
Abele, J., Concurs in Judgment and Opinion as to Assignment of Error II;
Dissents with Opinion as to Assignments of Error I, III and IV.
Harsha, J., Concurs in Judgment and Opinion with attached Concurring Opinion.